**So Ordered.**



Frank L. Kurtz
Bankruptcy Judge

**Dated: August 30th, 2013**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: ) | Case No. 12-05354-FLK11 |
| ) | |
| ALL PRO CONTRACTING, INC. ) | FINDINGS OF FACT AND CONCLUSIONS |
| ) | OF LAW RE: CONFIRMAITON OF |
| ) | PLAN OF REORGANIZATION |
| Debtor. ) | |
| _____) | |

This matter came on for hearing upon the Plan of Reorganization that was filed by All Pro Contracting Inc. (the "Debtor") on May 17, 2013. The Court considered the comments of counsel, and the records and filed herein, including the following:

    a.    Disclosure Statement (Docket No. 46)

    b.    Plan of Reorganization (Docket No. 47)

    c.    Order Granting Conditional Approval of Disclosure Statement and Setting Confirmation Deadlines (Docket No. 45)

    d.    Motion to Conditionally Approve Disclosure Statement and Notice (Docket No. 32)

    e.    Notice of Conditionally Approved Combined Plan and Disclosure Statement (Docket No. 48)

    f.    List Classifying Claims and Interests (Docket No. 49)

    g.    Objection to Confirmation of Plan (Docket No. 55)

    h.    Motion to Dismiss Case (Docket No. 56)

    i.    Objection to Confirmation of Plan (Docket No. 57)

- 1

Rene Erm II, P.L.L.C.
6 East Alder, Suite 317
Walla Walla, WA 99362
(509) 529-2200

j. Report of Balloting (Docket No 67)

k. Declaration of Lonnie Joe Haag in Support of Confirmation of Plan of Reorganization

Based on the foregoing, the Court enters the following FINDINGS OF FACT:

1. The debtor filed a Disclosure statement and Plan of Reorganization on May 17, 2013.

2. On May 16, 2013, following appropriate notice, the Court entered an Order Conditionally Approving Disclosure Statement and Setting Confirmation Hearing.

3. The debtor transmitted the Disclosure Statement, Plan of Reorganization and related documents to the Master Mailing List on May 17, 2013.

4. The Plan contains no unusual classifications of claims or interest. Similar claims are classified together and are treated equally within each class. The Plan provides the same treatment for each claim or interest within a particular class.

5. The debtor did not solicit acceptances or rejections of the Plan except as authorize3d by the Order.

6. The Debtor's Plan proposes to pay secured, priority and general unsecured creditors in full, as set forth in the Plan.

7. The Plan has been proposed in good faith and not by any means forbidden by law.

8. The compensation of Rene Erm II PLLC for services rendered through the Confirmation Date will be subject to Court approval after notice and hearing. Rene Erm II PLLC will be employed after confirmation at the normal and usual hourly rates, plus reimbursement for expenses. Realtor Florence Sayer will be employed after confirmation at a normal and usual commission rate subject to motion and notice for any applicable sales.

9. The Debtor will continue operating its business. There will be no other insiders employed or retained after reorganization, other than those that have been previously disclosed. The continuance in office of such individuals is consistent with the interests of creditors and equity security holders and with public police.

10. The Plan provides for no rate changes after confirmation of the Plan with any

- 2

governmental regulatory commission with jurisdiction over the rates of the debtor.

11. The United States of America, Internal Revenue Service (the "IRS") by and through Rolf H. Tangvald, Assistant U.S. Attorney, filed a Motion to Dismiss Case and Objection to Conformation of Plan on May 21, 2013 under Docket No. 56 and 57. The IRS and the Debtor have resolved the objection and the motions filed by the IRS as set forth in the Plan, as indicated by the signature of the attorney for the IRS on the Order Approving Disclosure Statement and Confirming Plan of Reorganization filed herewith (the "Confirmation Order").

12. The State of Washington, Department of Revenue (the "DOR") by and through its attorney, Zachary Mosner, filed an Objection to Confirmation of Plan on May 29, 2013 under Docket No. 55. DOR and the Debtor have resolved the objection filed by DOR based on regular periodic payments of priority tax debt as set forth in the Plan, as indicated by the signature of the attorney for DOR on the Confirmation Order.

13. No other objections to confirmation of the Plan were filed.

14. Class 2, Class 3 and Class 4 under the Plan are impaired. All voting Class 2 claimants and all voting Class 4 claimants have voted to accept the Plan upon entry of the Confirmation Order, resulting in acceptance of the Plan by one hundred percent (100%) by amount and one hundred percent (100%) by number of those claimants that voted.

15. According to the Declaration of Lonnie Joe Haag and the Liquidation Analysis, creditors will receive a greater distribution under the Plan than would be received if the assets of the debtor were liquidated by a Chapter 7 Trustee or by any other means other than through the Plan.

16. The Plan provides for the orderly liquidation of the Debtor. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor.

17. The Plan provides for payment of administrative claims upon allowance by the Court.

18. The Plan provides for payment of all U.S. Trustee fees when due, through the closing of the case.

- 3

19. The Debtor sponsors no retiree benefits.

20. The Debtor is a corporation debtor engaged in business.

Based on the foregoing FINDINGS OF FACT, the Court enters the following CONCLUSOINS OF LAW:

1. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law; and

2. The provisions of Chapter 11 have been complied with; the Plan has been proposed in good faith and not by means forbidden by law; and

3. Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code on such date, or the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that are impaired under the Plan and has not accepted the Plan; and

4. All payments made or promised by the Debtor by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court; and

5. The identity, qualifications, and affiliations of the persons who are to be directors or officers, if any, of the debtor after confirmation of the Plan have been fully disclosed, and the appointment of such persons to such offices or the continued appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interests of the creditors and equity security holders and with public policy; and

6. The identity of any insider that will be employed or retained by the debtor and their compensation has been fully disclosed; and

7. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor; and

Rene Erm II, P.L.L.C.
6 East Alder, Suite 317
Walla Walla, WA 99362
(509) 529-2200

1. 8. The Plan shall be substantially consummated pursuant to 11 U.S.C. 1101(2) upon assumption by the Debtor of the management of the property dealt with under the Plan, upon full payment of all administrative expenses and upon the conclusion of all adversary and contested matters.

/// End of Order///

Presented by:

RENE ERM II, P.L.L.C.

/s/ Rene Erm II
_____
Rene Erm II, WSBA 25299
Attorney for All Pro Contracting, Inc.
6 E. Alder, Site 317
Walla Walla, WA 99362
Telephone 509-529-2200

- 5

Rene Erm II, P.L.L.C.
6 East Alder, Suite 317
Walla Walla, WA 99362
(509) 529-2200